UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDERS TRON-HAUKEBO, | CASE NO. C18-5652 RBL |
| Plaintiff, | ORDER DENYING MOTION FOR IFP |
| v. | |
| MARK NICHOLS; THE CITY OF SEQUIM POLICE DEPARTMENT; SHERI CRAIN; and KEITH W. BRADY, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Tron-Haukebo's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed complaint [Dkt. # 1]. Tron-Haukebo appears to claim that Defendant Brady falsely told the Sequim Police that Tron-Haukebo damaged his car. He claims the evidence of the damage was false and that the police believed it. He claims Brady violated a variety of state criminal statutes. In any event, Tron-Haukebo claims the prosecutors negligently charged him with malicious mischief. He claims he can "easily" prove he did not act with malice. He seeks the funds he paid to post bond and to travel to Sequim to defend himself.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.")

Tron-Haukebo's proposed complaint does not meet this standard. First, he has not identified any plausible basis for this Court's jurisdiction over his state law negligence and state

criminal statute claims. Nor has he plausibly stated a claim for negligence—it is not clear that the underlying proceeding is even over, and this Court cannot and will not intervene in it. The place to demonstrate that he did not act with the requisite malice to support the charge is in the state court criminal proceeding surrounding that charge, not a civil case in this Court.

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

The Motion for Leave to proceed *in forma pauperis* is DENIED. Plaintiff shall file a proposed amended complaint or pay the filing fee within 21 days or this matter will be dismissed. Any proposed amended complaint shall address the shortcomings described above, and plausibly state a claim over which this court has jurisdiction.

IT IS SO ORDERED.

Dated this 23rd day of August, 2018.

Ronald B. Leighton
United States District Judge